The Honorable Ron Fields Prosecuting Attorney 12th Judicial District Sebastian County Courthouse Fort Smith, Arkansas 72901
Dear Mr. Fields:
This is in response to your request for an opinion on whether Sebastian County is prevented from enacting an ordinance designed to prohibit the scrambling of radio messages by personnel of the "Wilderness Training Camp" (a juvenile offender camp) because either the State of Arkansas or the United States has preempted the police power of the county on this subject.
It is my opinion that such an ordinance would be preempted by relevant Federal Communications Commission ("FCC") regulations, and thus would be unconstitutional under the Supremacy Clause of the United States Constitution. See art. VI, cl. 2. A determination of whether such an ordinance would also be preempted by state law is therefore unnecessary.
It is my understanding that the "Wilderness Training Camp," a private entity which contracts with the State of Arkansas to provide juvenile offender facilities, broadcasts its "radio messages" over the frequency 453.925. This frequency is assigned by the FCC to the "Public Safety Radio Service," which includes, under its rubric, the "Police Radio Services," "Fire Radio Services," "Highway Maintenance Services," "Forestry-Conservation Radio Services" and "Local Government Radio Services." See 47 C.F.R. 90.15. The particular frequency at issue is available on a shared basis with all other "Public-Safety Radio Services." 47 C.F.R. 90.17(c)(12) and 47 C.F.R. 90.19(e)(16). It is important to note that 47 C.F.R. 90.207 provides that:
 Normally operations authorized in the services governed by this part [Part 90 of the C.F.R.] are intended to provide voice communications between stations. Accordingly, except as otherwise provided for in the following paragraphs, stations in these services will be authorized to use only A3E, F3E, or G3E emission.
Thus, presumably, the transmissions by the Wilderness Training Camp are authorized to use only A3E, F3E, or G3E emission. This provision is important when read in light of 47 C.F.R. 90.212, which provides that:
 (a) Analog scrambling techniques may be employed at any station authorized the use of A3E, F3E, or G3E emission, subject to the provision of paragraph (d) of this section.[1]
 (b) The use of digital scrambling techniques or digital voice modulation requires the specific authorization of F1E or G1E emission, and these emissions will only be authorized subject to the provisions of paragraph (d) of this section.
As can be seen from the provisions above, federal law states that any station authorized the use of A3E, F3E, or G3E emission may employ "analog" as opposed to "digital" scrambling techniques. It is my assumption, based upon the frequency used by the Wilderness Training Camp, that this provision is applicable to allow the scrambling of "radio messages" of the Camp as long as the scrambling is accomplished through the use of "analog" scrambling techniques. Thus, any county prohibition against such scrambling would appear to be contrary to federal law and thus preempted.[2] See also generally with regard to federal preemption of radio services, 47. U.S.C.A. § 332(c)(3) (1994) (prohibiting local governments from regulating the "entry" of private mobile services).
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] Paragraph (d) provides that station identification shall be transmitted in the unscrambled analog mode or in Morse code, and also provides that all digital encoding and digital modulation shall be disabled during station identification.
[2] See generally, with regard to federal preemption of state laws,Ciba-Geigy Corp. v. Alter, 309 Ark. 426, 834 S.W.2d 136 (1992).